T.C. Summary Opinion 2012-4



UNITED STATES TAX COURT



JAMES EDWIN BLACKBURN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 14094-10SL.           Filed January 5, 2012.



James Edwin Blackburn, pro se.[1]

<u>John R. Bampfield</u>, for respondent.



    GOEKE, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[2] in effect when the petition was

_____

    [1]<u>Katie Tolliver</u> (Tolliver) and <u>Mary Gillum</u> (Gillum)
represented petitioner at the trial of this case.  Shortly after
trial, Tolliver and Gillum filed a motion for leave to withdraw
their appearances.  The Court granted the motion on Aug. 1, 2011.

    [2]Section references are to the Internal Revenue Code, and
Rule references are to the Tax Court Rules of Practice and
Procedure.

filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks judicial review of respondent's notice of determination sustaining the proposed collection via levy of an income tax liability for 2006. We have jurisdiction under section 6330(d). For the reasons explained herein we sustain the collection action for a reduced liability.

Background

Petitioner James Edwin Blackburn lived in Tennessee when he filed a timely petition seeking this Court's review of the notice of determination which sustained the proposed levy after an administrative review.

Mr. Blackburn had previously filed a timely income tax return for 2006, and the return was selected for audit by the Internal Revenue Service (IRS). The IRS disallowed unreimbursed employee business expense deductions claimed on the return, and a notice of deficiency was issued in March 2009. No petition to this Court was filed after this notice of deficiency. At trial we determined that Mr. Blackburn's testimony regarding his failure to receive the notice of deficiency was credible, and we allowed him to present evidence in support of his position that his 2006 tax liability was overstated.

Mr. Blackburn offered a Form 1040X, Amended U.S. Individual Income Tax Return, for 2006 at trial as an exhibit, and the Court accepted it into the record. The Form 1040X reflected no income tax due for 2006, but we must determine whether the deductions reflected on this Form 1040X are supported by the substantiating evidence in the trial record.

On brief, respondent has conceded that Mr. Blackburn has substantiated unreimbursed employee business expenses as follows:

| | |
|---|---|
| Auto insurance | $1,000 |
| Auto registration fee | 27 |
| Auto repairs | 837 |
| Auto depreciation | 2,560 |

Respondent also concedes a tax preparation fee deduction of $148.

Mr. Blackburn's Form 1040X reflects itemized deductions of $29,897, including State taxes of $1,062, home mortgage interest of $7,154, gifts to charity of $2,476, a tax preparation fee allowed by respondent, and unreimbursed employee business expenses totaling $20,016, which were then reduced to $19,205 by the 2-percent of adjusted gross income limitation.

Mr. Blackburn drove his automobile for a substantial number of miles as part of his employment with Performance Sales & Marketing, but he failed to maintain a contemporaneous log of his business-related travel. He maintains that virtually 100 percent

of his mileage was business related.  He was reimbursed by his employer for fuel expenses, food expenses, and a significant portion of his lodging expense.

Mr. Blackburn also claims home office expenses as part of the unreimbursed employee business expense deduction.  However, he did not support his claim with either testimony or adequate documentation.  The disputed amounts also include State sales taxes and an additional deduction for home mortgage interest.

Respondent allowed Mr. Blackburn to raise his liability argument in a supplemental administrative proceeding after this case was docketed, but the settlement officer denied that any change in the liability amount was warranted because Mr. Blackburn had failed to timely supply information.

### Discussion

Mr. Blackburn has the burden to substantiate the expenses not conceded by respondent.  See Rule 142(a).  He has not argued that section 7491 would shift the burden to respondent, and the provisions of that section have not been met in any event.

Respondent's administrative determination is reviewed for abuse of discretion.  In a levy case, when the underlying liability is properly at issue, the Court reviews the Appeals employee's determination de novo.  Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Whether a taxpayer may challenge the underlying liability is decided by the Court de novo.  Sego v. Commissioner,

114 T.C. 604, 609-610 (2000). We have found that Mr. Blackburn did not receive a notice of deficiency and therefore he may challenge the liability. See sec. 6330(c)(2)(B). His only dispute with respondent's determination concerns the liability.

All reasonable and ordinary expenses incurred during a taxable year for the production of income are deductible. Sec. 212. However, any such deductible expense must be substantiated by adequate records. Sec. 6001.

Certain expenses can be deducted only if the taxpayer can substantiate (1) the amount of the expense, (2) the time and place the expense was incurred, and (3) the business purpose of the expense. Sec. 274(d); sec. 1.274-5A(b)(2), Income Tax Regs. Such expenses include meals and entertainment expenses, travel expenses, and expenses related to an automobile. Secs. 274(d), 280F(d)(4). The strict substantiation requirements provide that a taxpayer submit a contemporaneous record to establish that he meets the elements of section 274(d). Sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Mr. Blackburn has provided no documentation regarding his meals and entertainment expenses or his nonautomobile expenses. He has provided some contemporaneous records regarding his automobile expenses, but they are generally insufficient to substantiate the number of miles driven and when and where he drove for business. See sec. 1.274-5T(c), Temporary Income Tax

Regs., supra.  Accordingly, he is not entitled to deduct any travel expenses other than those respondent conceded.

Regarding the home office expense, Mr. Blackburn has failed to establish the portion of his home which was devoted to his employment, nor did he establish in the record that the additional mortgage interest expense was his personal expense. Respondent points out that one of the Forms 1098, Mortgage Interest Statement, which respondent received from Mr. Blackburn after trial regarding additional mortgage interest reflects an additional person as joint payee.  Respondent argues that Mr. Blackburn did not seek to have this document stipulated into the record and also failed to testify regarding who paid the interest in question.  We agree with respondent and find that Mr. Blackburn has failed to carry his burden of proof regarding the home office expense and the additional mortgage interest expense and also that he did not properly raise these issues with the settlement officer.  See Giamelli v. Commissioner, 129 T.C. 107 (2007).

The remaining disputed item is the State sales tax. Respondent argues this item was not timely raised.  However, we do not find this argument is correct regarding the State tax issue, and we find that a deduction for State tax of $1,062 is allowable.  Finally, we find respondent has not contested the

claimed charitable contribution deduction of $2,476 and the home mortgage interest deduction of $1,850.

Because of our findings and the concessions, a Rule 155 computation is required.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.